24447

In the Matter of C. LaVaun FOX, Respondent.

(472 S.E. (2d) 620)

Supreme Court

*Desa A. Ballard,* of *Ness, Motley, Loadholt, Richardson & Poole, P.A.,* Charleston, *for respondent.*

*Attorney General Charles Molony Condon* and *Assistant Deputy Attorney General J. Emory Smith, Jr.,* Columbia, *for complainant.*

Submitted May 28, 1996.

Decided June 17, 1996.

*Per Curiam:*

In this attorney disciplinary matter, respondent conditionally admits to engaging in misconduct and agrees to be suspended from the practice of law for ninety days, retroactive to the date of his temporary suspension. We accept the conditional admission.

Respondent entered into a plea agreement with the Attorney General's Office whereby respondent agreed to waive presentment and plead guilty to one count of failure to make and file a South Carolina Income Tax return in violation of S.C. Code Ann. § 12-54-40(b)(6)(c) (Supp. 1995). In exchange for the plea, the State agreed not to prosecute respondent for any offenses committed prior to the 1994 tax year that were of the same or similar character as the offense respondent agreed to plead guilty to or which were based on the same act or transaction or which constituted a part of a common scheme or plan. Respondent pled guilty pursuant to the plea agreement and was sentenced to imprisonment for six months or payment of a $1,000 fine.

The failure to file a tax return is a serious crime as set forth in Paragraph 2(P) of the Rule on Disciplinary Procedure, Rule 413, SCACR. By his conduct, respondent has violated Rule 8.4 of the Rules of Professional Conduct, Rule 407, SCACR, by committing a criminal act that reflects adversely upon his honesty, trustworthiness and fitness as a lawyer and has violated Paragraph 5(E), on the Rule of Disciplinary Procedure,

Rule 413, SCACR, by engaging in conduct tending to bring the courts or legal profession into disrepute.

In our opinion, respondent's misconduct warrants a definite suspension from the practice of law for ninety days. Accordingly, respondent is suspended for ninety days, retroactive to April 10, 1996, the date of his temporary suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Definite suspension.